UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMERICAN FRUIT & VEGETABLE CO., INC.,

                              Plaintiff,

                                                                                                    <u>DECISION AND ORDER</u>

                                                                                                     10-CV-6271L
                            v.

ITHACA PRODUCE, INC., et al.,

                              Defendants.
_____

## INTRODUCTION

Plaintiff American Fruit and Vegetable Company ("plaintiff") commenced this action pursuant to the Perishable Agricultural Commodities Act ("PACA"), to recover the sale price of commodities sold to defendant Ithaca Produce, Inc. ("Ithaca Produce"), and to have its interests declared superior to those of other known or potential creditors of Ithaca Produce and its principals.

Defendants Suburban Propane L.P., Tompkins County Area Development, Inc., and Empire State Certified Development Corporation (collectively, the "defaulting defendants") were personally served with the summons and complaint (or in the case of Suburban Propane, L.P., executed a valid waiver of service) on June 14, 2010, July 27, 2010, and July 30, 2010, respectively, and proof of service was duly filed. (Dkt. #7, #8, #27-2, #27-3, #27-4). The defaulting defendants have failed to appear or to answer the complaint. An entry of default was entered by the Clerk on February 16, 2011. (Dkt. #26).

Plaintiff now moves for a default judgment pursuant to Fed. R. Civ. P. 55, seeking a declaratory judgment that its rights and interests as a beneficiary of a PACA trust are in all respects prior and superior to those of the defaulting defendants. (Dkt. #27). For the reasons set forth below, that motion is granted.

**FACTUAL ALLEGATIONS IN THE COMPLAINT**

According to the complaint, plaintiff is a New York corporation engaged in the purchase and sale of wholesale quantities of fruits and vegetables, and is a licensed dealer in perishable commodities under PACA. Between July 10, 2009 and March 5, 2010, plaintiff sold and delivered to defendant Ithaca Produce, Inc. ("Ithaca Produce") commodities valuing $289,958.65. Ithaca Produce accepted, retained and resold the commodities, by operation of which plaintiff became a beneficiary of a PACA trust, consisting of the commodities and commodities-related assets, including their proceeds, and all funds from other sources commingled therewith. (Dkt. #1). Although it was duly invoiced for the value of the commodities, Ithaca Produce failed to pay for the commodities and advised plaintiff that it lacked sufficient funds to do so.

**MOTION FOR DEFAULT JUDGMENT**

As a prerequisite for obtaining a default judgment, the party seeking it must first secure the clerk's entry of default by demonstrating, by affidavit or in some other manner, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *J&J Sports Prods. v. Bimber*, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once the default has been entered, the Court will accept as true the allegations of the complaint that establish the defaulting defendants' liability. *Id.*, 2008 U.S. Dist. LEXIS 39174 at *2, *citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

The Clerk has entered a default for each of the defaulting defendants, and I find that plaintiff is entitled to the declaratory relief that it seeks, as a matter of law. *See generally Eastman Kodak Company v. Berkshire-Westwood Graphics Group, Inc.,* 2010 U.S. Dist. LEXIS 66839 at *3-*4 (W.D.N.Y. 2010) (party seeking default judgment must show a sufficient evidentiary basis for the relief sought).

I have reviewed the allegations in the complaint, as well as the correspondence and other documentary evidence attached to the complaint and submitted by plaintiff in support of the instant

motion. I accept as true plaintiff's allegations that plaintiff is a beneficiary of a PACA trust created by its sale of commodities to Ithaca Produce, that the defaulting defendants are known or potential creditors of Ithaca Produce which are not engaged in the business of purchasing or selling perishable commodities (and therefore not beneficiaries of a PACA trust), and that Ithaca Produce and/or its principals owned certain real property at 150 Johnson Road, Freeville, NY (the "Real Property") which is plausibly alleged to have been improved and/or paid for using assets from the PACA trust of which plaintiff is a beneficiary.

It is well settled that, "[a]s beneficiaries of a PACA trust, growers and sellers of perishable agricultural commodities . . . retain the 'right to recover against [PACA trustees] superior to all creditors, including secured creditors." *D.M. Rothman & Co., Inc. v. Korea Commercial Bank of New York*, 411 F.3d 90, 94 (2d Cir. 2005), *quoting Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 1995). Further, where a PACA trustee has improperly caused PACA trust funds to be diverted for the purpose of improving or paying for real property, PACA beneficiaries may seek to recover through a lien on the property. *See e.g.*, *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 833 F. Supp. 193, 196 (E.D.N.Y. 1993) (holding that a constructive trust had arisen on a third party's house due to her use of trust assets, which had been diverted by the PACA trustee, to pay the mortgage, and finding that the trust beneficiary plaintiffs are entitled to a lien on the property in the amount of the diverted funds).

As such, plaintiff's rights as a PACA trust beneficiary are, as a matter of law, superior to those of the defaulting defendants in this action, none of which has asserted any entitlement to relief from Ithaca Produce, let alone entitlement to relief under a PACA trust. I find that plaintiff has demonstrated entitlement to the declaratory judgment it seeks, to the effect that the use of PACA trust assets to improve and/or pay for the Real Property would render some or all the Real Property a trust asset, and that plaintiff's rights to such Real Property, if any, are superior to those of the defaulting defendants, in light of plaintiff's status as a PACA trust beneficiary.

**CONCLUSION**

Plaintiff's motion for a default judgment (Dkt. #27) is granted. I further find and declare that the rights and interests of plaintiff American Fruit & Vegetable Co., Inc. as a beneficiary of a statutory trust created pursuant to 7 U.S.C. §499e(c), arising out of sales of commodities to Ithaca Produce, Inc., in certain real property commonly known as 150 Johnson Road, Town of Freeville, Tompkins County, New York (and described in detail in the complaint at ¶45), are in all respects prior and superior in right and payment to any interest in such real property held, claimed, or which may be claimed by the three defaulting defendants: Empire State Certified Development Corporation, Tompkins County Area Development, Inc., and Suburban Propane, L.P.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        November 16, 2011.